### Louis Conetta *vs.* James Lombardi.

JULY 2, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

PER CURIAM. This is an action in assumpsit tried in the superior court, upon appeal from a district court, before a justice sitting without a jury. He rendered a decision for the plaintiff for $236.70 and costs; and the case is now before us on the defendant's exception to that decision.

The action was brought to recover a payment of $200 made by the plaintiff to the defendant, as part payment under a written contract between them for the sale and conveyance by the defendant and the purchase by the plaintiff of a certain parcel of real estate on certain terms, and also to recover $25 for labor performed by the plaintiff at the request of the defendant upon this real estate and $11.70 for labor similarly furnished by the plaintiff.

The contract provided for its performance within sixty days from its date; and the evidence at the trial proved that the defendant was not able to perform it within that time, and that he did not even have title to the property or the ability to convey it to the plaintiff. The evidence proved also that, during the interval, the plaintiff had performed upon the property, for its improvement, certain labor, for which the defendant had agreed to pay him $25 "if the deal didn't go through", but had not paid; and that in like manner the plaintiff had furnished the labor of a paperhanger, for which the defendant had agreed to pay and for which a balance of $11.70 remained unpaid.

It is clear to us, therefore, that the evidence supported the decision of the trial justice that the plaintiff was entitled to get back from the defendant the deposit of $200 and also to recover from the defendant $25 for the plaintiff's own labor and $11.70 for the labor of the paperhanger, making a total of $236.70.

114

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Francis E. Sullivan,* for plaintiff.

*Voigt, Wright, Munroe & Clason, Clifton I. Munroe,* for defendant.